UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BILLIE COLEMAN ET AL

VERSUS

WALMART INC ET AL

CASE NO.  6:21-CV-01461

JUDGE ROBERT R. SUMMERHAYS

MAGISTRATE   JUDGE   CAROL   B.
WHITEHURST

## MEMORANDUM RULING

Presently before the Court are the Motion for Summary Judgment [ECF No. 12] filed by

Cintas Corporation No. 2 ("Cintas"), and the Motion for Summary Judgment [ECF No. 14] filed

by Walmart, Inc. ("Walmart"). Plaintiffs filed an opposition to the Walmart motion but did not

respond to the Cintas motion.

### I.
### FACTUAL BACKGROUND

On October 23, 2020, plaintiffs Billie Coleman and her husband, David Coleman, were

patrons of the Wal-Mart store located in Eunice, Louisiana.[1] Ms. Coleman has alleged that she

tripped on a mat and fell while exiting the store.[2] On the day of the accident, approximately one

hour before Ms. Coleman tripped and fell, two Cintas rubber non-slip mats were place in front of

the exit door due to rainy weather.[3] Plaintiffs filed their lawsuit in the Sixteenth Judicial Court in

the Parish of St. Landry on May 6, 2021. On May 28, 2021, Walmart removed the case to federal

court based upon diversity jurisdiction. Both defendants have now filed the pending motions for

summary judgment arguing that Plaintiffs cannot establish essential elements of their claims.

---

[1] ECF No. 1, Petition, ¶ 3.
[2] Id.
[3] ECF No. 14, Exhibit D, Deposition of David Block, p. 7.

## II.
## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part

of each claim or defense–on which summary judgment is sought."[4] "The court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."[5] "A genuine issue of material fact exists when

the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As

summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of
> demonstrating the absence of an issue of material fact with respect to those issues
> on which the movant bears the burden of proof at trial. However, where the
> nonmovant bears the burden of proof at trial, the movant may merely point to an
> absence of evidence, thus shifting to the non-movant the burden of demonstrating
> by competent summary judgment proof that there is an issue of material fact
> warranting trial.[7]

When reviewing evidence in connection with a motion for summary judgment, "the court must

disregard all evidence favorable to the moving party that the jury is not required to believe, and

should give credence to the evidence favoring the nonmoving party as well as that evidence

supporting the moving party that is uncontradicted and unimpeached."[8] "Credibility

determinations are not part of the summary judgment analysis."[9] Rule 56 "mandates the entry of

summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[4] Fed. R. Civ. P. 56(a).
[5] *Id.*
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[9] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden of proof."[10]

## III.
## LAW AND ANALYSIS

### A. Plaintiffs' Claims against Walmart.

The Louisiana Merchant Liability Act supplies the relevant standard of care in the present case:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care. [11]

Walmart asserts that there is no triable issue with respect to two essential elements of Plaintiff's claim, namely that (1) the condition of the mat presented an unreasonable risk of harm to the claimant; and (2) Walmart either created or had actual or constructive notice of "the condition which caused the damage, prior to the occurrence."

---

[10] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[11] La. R.S. 9:2800.6.

The Court first addresses whether there is a triable issue on the "unreasonable risk of harm" element of Plaintiff's claim. Courts in Louisiana have created a risk-utility balancing test to determine whether a condition is an unreasonable risk of harm. This four-part test requires the Court to consider: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.[12] Numerous courts in Louisiana have specifically addressed whether unsecured floor mats in an entranceway to a business constitute an unreasonable risk of harm.[13] In *Borruano v. City of Plaquemines*, the court stated that "[t]he determination that the mere existence of a standard floor mat at the entranceway inside the public building constituted an unreasonable risk of harm to this plaintiff defies not only the judicially created legal precepts associated with unreasonable risk of harm, but is inconsistent with the axioms of common sense."[14] The court further found that "[t]here was no evidence to support a finding that a one-eighth inch deviation in the height of the surface between a floor mat and the floor surface constituted a defective condition."[15] In *Washauer v. J.C.Penney Co.*, the court found that a "floor mat does not present a tripping hazard until or unless it is moved from its flat position on the floor. Therefore, in and of itself, the flat floor mat, even though unsecured, was not a dangerous condition."[16]

---

[12] *Bradley v. Wal-Mart Louisiana*, LLC, 21-0693 (La. App. 1 Cir. 12/22/21), 2021 WL 6064829, at *5-6, writ denied, 22-00124 (La. 3/22/22).

[13] *See Bradley v. Wal-Mart Louisiana, LLC*, 21-0693 (La. App. 1 Cir. 12/22/21), 2021 WL 6064829, at *5-6, writ denied, 22-00124 (La. 3/22/22); *Borruano v. City of Plaquemine*, 720 So.2d 62 (La. App. 1 Cir. 9/25/98); *Washauer v. J.C. Penney Co.*, 879 So.2d 195 (La. App. 1 Cir. 4/21/04).

[14] *Borruano v. City of Plaquemine*, 720 So.2d 62 (La. App. 1 Cir. 9/25/98).

[15] *Id.*

[16] 879 So.2d at 198-199.

In the present case, Mrs. Coleman testified that she tripped on the front edge of the floor mat farthest from the exit door.[17] Mrs. Coleman admitted that when she and her husband entered the store, they saw nothing out of the ordinary with any rugs.[18] Mr. Coleman acknowledged that he walked across the rug first as he was exiting the store and saw no flipped up edge, ripple, fold or any defect in the mat.[19] Plaintiff admitted that, before she fell, she did not see anything on the floor or the mat that would prevent her safe exit from the store.[20] In addition, four Walmart employees testified that they did not observe any flipped edge, ripple, or other defect in the mat at issue. Both Mr. Block and Mr. Butts testified that they did not see any unsafe or hazardous defects in the mats while laying them down an hour before the incident.[21] Mr. Butts testified that, had they noticed any defects, the mats would not have been placed on the floor.[22] Melissa Vidrine, a Walmart customer host and door greeter, witnessed Plaintiff's fall.[23] Ms. Vidrine testified that immediately before the incident, the front edge of the subject floor mat contained no buckles, bumps, or lumps.[24] Brandon Thomas, a Walmart manager, who was walking just a few feet behind Plaintiff when she fell stated that he did not see any buckles or flipped edges in the subject mat.[25] Rather, he testified that the subject mat was flat at the time of the incident.[26]

The summary judgment record also includes security footage and still photographs of the incident in question.[27] This evidence does not reveal any uneven edges in the floor mat. Rather,

---

[17] ECF No. 14, Exhibit B, Deposition of Billie Coleman, p. 42.
[18] *Id.*, at p. 27.
[19] ECF No. 14, Exhibit C, Deposition of David Coleman, p. 27, ll. 6-25.
[20] ECF No. 14, Exhibit B, p. 42, ll. 3-7.
[21] ECF No. 14, Exhibit E, Deposition of Dempsy Butts, p.20, l. 25; p. 21, ll. 1-3; Exhibit D, Deposition of David Block, p. 31, ll. 5-15.
[22] *Id.*, at p. 21, ll. 4-25; p. 22, l. 1).
[23] ECF No., 14, Exhibit F, Deposition of Melissa Vidrine, p. 6, ll. 3-25; p.7, ll. 2-9, p. 38, ll. 4-23, p. 48, ll. 21-24.
[24] *Id.*, at p. 49, ll. 6- 18.
[25] ECF No. 14, Exhibit G, Deposition of Brandon Thomas, p. 7, ll. 14-22, p.21, ll. 4-8.
[26] *Id.*, at p. 22, ll. 22-25; p. 23, l. 1).
[27] *See* ECF No. 14, Exhibit I, Affidavit of David Block, authenticating security footage and still shots and Manual Exhibit (security video).

the security footage of the incident reveals that Plaintiff, who was walking with a slight limb of

her right leg allegedly because of a recent knee replacement surgery,[28] shuffled her right foot

against the edge of the mat. Her foot then lifted the edge of the mat, causing her to trip. The video

and photographic evidence shows that the mat was lying flat as Plaintiff approached the mat and

that there were no defects in the mat. Based on this evidence, Plaintiff's fall was caused when her

foot displaced the mat. The record reflects that the mat at issue is placed on the floor to prevent

customers from slipping when the weather requires it.[29] Based on the video and photographic

evidence, the mat at issue was apparent to customers who were exiting the store; it was not hidden.

In sum, Plaintiff has not come forward with evidence to create a triable issue on this element of

her claim.

Walmart next argues that there is no triable question as to whether Walmart (1) created the

condition that caused the occurrence or had (2) actual or constructive notice of the condition prior

to the occurrence and failed to exercise reasonable care. "Constructive notice" means:

> The claimant has proven that the condition existed for such a period of time that it
> would have been discovered if the merchant had exercised reasonable care. The
> presence of an employee of the merchant in the vicinity in which the condition
> exists does not, alone, constitute constructive notice, unless it is shown that the
> employee knew, or in the exercise of reasonable care should have known, of the
> condition.[30]

As the Court previously noted, the evidence in the record shows that the mat was lying flat on the

floor immediately prior to Plaintiff's fall. There is no evidence in the record showing that the

condition of the mat should have put Walmart on notice of any unreasonable risk of harm. In sum,

there is no genuine issue of material fact as two essential elements of Plaintiff's claim against

---

[28] ECF No. 14, Exhibit B.
[29] ECF No. 14, Exhibit D, Deposition of David Block.
[30] La. R.S. 9:2800.6.

Walmart, namely that (1) the mat at issue in the incident posed an unreasonable risk; and (2) that Walmart either created the condition or knew or should have known of the risk. Accordingly, Walmart's motion is GRANTED and Plaintiffs' claims against Walmart are DISMISSED.

## B. Plaintiff's Claims Against Cintas.

Cintas' motion challenges the claims asserted against it.[31] Plaintiff alleges that Cintas, as owner of the mat in question, was responsible for its allegedly defective condition. Louisiana Civil Code Article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Article 2317 further provides that "[t]his, however, is to be understood with the following modifications." Article 2317.1 modifies this duty by providing that "[t]he owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage. . . ." Cintas argues that Plaintiffs cannot establish that there was a defect in the mat or that Cintas knew or should have known of any defect. Plaintiffs did not file a response to Cintas' motion. As indicated above, there is no evidence in the record of any defect in the mat at issue. Nor is there any evidence that the mat created a dangerous condition. In sum, Plaintiffs have not created a triable issue as to two essential elements of their claim against Cintas, namely that (1) the mat at issue in the incident posed an unreasonable risk; and (2) that Cintas knew or should have known of the risk. For that reason, Cintas' motion is GRANTED and Plaintiffs' claims against Cintas are DISMISSED.

---

[31] ECF No. 1, ¶ 6.

For the foregoing reasons, the Motion for Summary Judgment [ECF No. 12] filed by Cintas and the Motion for Summary Judgment [ECF No. 14] filed by Walmart are both **GRANTED** and Plaintiffs' claims against both Cintas and Walmart are **DISMISSED**.

THUS DONE in Chambers on this 5th day of October, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE